## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**JEROME JONES (#110366)**                                  **CIVIL ACTION**

**VERSUS**                                                      **NO. 19-505-SDD-RLB**

**DARREL VANNOY, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on November 3, 2021.

                                                    **RICHARD L. BOURGEOIS, JR.**
                                                    **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**JEROME JONES (#110366)**                                  **CIVIL ACTION**

**VERSUS**                                                               **NO. 19-505-SDD-RLB**

**DARREL VANNOY, ET AL.**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* R. Doc. 1. The State has filed an opposition to the petitioner's application and the petitioner has filed a response. *See* R. Docs. 12 and 14. There is no need for oral argument or for an evidentiary hearing.

On or about August 5, 2019, the *pro se* petitioner, filed this habeas corpus proceeding pursuant to 28 U.S.C. § 2254, attacking his 1985 criminal conviction and sentence, entered in the Eighteenth Judicial District Court for the Parish of Iberville, State of Louisiana, on one count of aggravate rape. The petitioner attacks his conviction on the grounds of actual innocence/newly discovered evidence, a *Brady* violation, and ineffective assistance of trial and appellate counsel.

### Procedural History

On June 25, 1985, the petitioner was found guilty of one count of aggravated rape. The petitioner was sentenced to life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. The petitioner thereafter filed a counseled appeal, and his conviction and sentence were affirmed on appeal. *See State v. Jones,* 86-0050 (La. App. 1 Cir. 10/15/86).

In 1991, the petitioner filed his first application for post-conviction relief ("PCR"), which was denied by the trial court on June 7, 2002. The petitioner's writ application seeking review was denied. *See State ex. rel. Jerome Jones*, 02-1305 (La. App. 1 Cir. 10/8/02). On or about July

6, 2004 the petitioner filed a second application for post-conviction relief wherein he sought DNA testing. The petitioner's PCR application was denied by the trial court, and his writ was denied by the appellate court on February 25, 2005. *See State ex. rel. Jones v. State,* 04-0778 (La. 2/25/05). The petitioner filed a third application for post-conviction relief on August 27, 2004 wherein he sought DNA testing. On or about May 5, 2008, the petitioner filed a fourth application for post-conviction relief wherein he again sought DNA testing. The petitioner's PCR application was denied by the trial court on September 16, 2008 for failure to meet the requirements of Louisiana Code of Criminal Procedure article 926.1 B. His writs were denied by the appellate courts on October 12, 2009. *See State v. Jones,* 09-1400 (La. App. 1 Cir. 10/12/09) *writ denied* 09-2388 (La. 11/12/10).

The petitioner filed his fifth application for post-conviction relief on or about March 6, 2015 which was denied by the trial court on May 12, 2015. His writ was denied by the appellate court on September 8, 2015. *See State v. Jones,* 15-1025 (La. App. 1 Cir. 9/8/15). A sixth application for post-conviction relief was filed by the petitioner on or about October 15, 2015. The application was denied by the trial court as untimely, and the petitioner's writ was denied. *See State ex. rel. Jones v. State*, 2015-1791 (La. 10/28/16).

Finally, on or about January 19, 2017, the petitioner filed a seventh application for post-conviction relief and asserted claims therein of actual innocence, a *Brady* violation, and ineffective assistance of counsel. The petitioner's writs were denied by the appellate courts July 24, 2017 and September 14, 2018, respectively as untimely and successive pursuant to Louisiana Code Criminal Procedure articles 930.4 and 930.8. *See State v. Jones*, 17-0623 (La. App. 1 Cir. 7/24/17), *writ denied* 17-1445 (La. 9/14/18).

**Applicable Law and Analysis**

When a state court decision to deny post-conviction relief rests on a state procedural ground that is independent of the federal question raised by the petitioner and is adequate to support the judgment, the federal court lacks jurisdiction to review the merits of Petitioner's federal claim. *Coleman v. Thompson*, 501 U.S. 722, 729 (1991); *Moore v. Roberts*, 83 F.3d 699, 701 (5th Cir. 1996). The independent and adequate state ground doctrine "applies to bar federal habeas when a state court decline[s] to address a prisoner's federal claims because the prisoner ha[s] failed to meet a state procedural requirement." *Coleman v. Thompson, supra*, 501 U.S. at 729-730:

> In the absence of the independent and adequate state ground doctrine in federal habeas, habeas petitioners would be able to avoid the exhaustion requirement by defaulting their federal claims in state court. The independent and adequate state ground doctrine ensures that the States' interest in correcting their own mistakes is respected in all federal habeas cases.

*Id.* at 731-32, *citing Rose v. Lundy*, 455 U.S. 509, 518, (1982); *Moore v. Roberts, supra*, 83 F.3d at 703. This rule applies even if the state court addresses the substance of the claim in the alternative. *Harris v. Reed*, 489 U.S. 255, 264 n.10 (1989); *Fisher v. Texas*, 169 F.3d 295, 300 (5th Cir. 1999).

In order for a state procedural bar to provide an "independent" basis for dismissal, the state court adjudication of a habeas petitioner's claim must have been explicitly based on a state procedural rule. *Amos v. Scott*, 61 F.3d 333, 338 n.15 (5th Cir. 1995). *See also Moore v. Roberts, supra*, 83 F.3d at 702; *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995). To be "adequate," the state procedural rule must be strictly or regularly followed and evenhandedly applied to the majority of similar cases. *Walker v. Martin*, 562 U.S. 307, 1127-28 (2011); *Glover v. Cain*, 128 F.3d 900, 902 (5th Cir. 1997); *Marks v. Terrell*, 2014 WL 1246065, *8 (E.D. La. Mar. 24, 2014).

The state procedural bar is presumptively adequate when the state court expressly and regularly relies upon it in deciding not to review claims for collateral relief. *Glover v. Cain, supra*, 128 F.3d at 902. Further, the procedural default doctrine presumes that the "state court's [express] reliance on a procedural bar functions as an independent and adequate ground in support of the judgment." *Sones v. Hargett, supra*, 61 F.3d at 416. Even a discretionary state procedural rule can qualify as an adequate basis for barring federal habeas review. *Coleman v. Cain*, 2014 WL 348541, *5 (E.D. La. Jan. 31, 2014), *citing Beard v. Kindler*, 558 U.S. 53 (2009). As stated in *Beard, supra*, "a discretionary rule can be 'firmly established' and 'regularly followed' – even if the appropriate exercise of discretion may permit consideration of a federal claim in some cases but not in others." *Id.* at 60-61.

Notwithstanding, a state procedural rule that is applied arbitrarily or in an unexpected manner may be considered inadequate to prevent federal review. *See Martin v. Maxey*, 98 F.3d 844, 847 (5th Cir. 1996). Further, a habeas petitioner may rebut the presumption of adequacy by establishing that the procedural rule is not "strictly or regularly followed" or, notwithstanding, by demonstrating (1) "cause for the default and actual prejudice as a result of the alleged violation of federal law," or (2) that "failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson, supra*, 501 U.S. at 750; *Moore v. Roberts, supra*, 83 F.3d at 702.

The claims presented herein (actual innocence/newly discovered evidence, a *Brady* violation, and ineffective assistance of trial and appellate counsel) were presented to the state courts in the plaintiff's seventh application for post-conviction relief. While the judgment of the trial court has not been made available for review, it is apparent that the state appellate courts relied on procedural rules in dismissing the petitioner's PCR claims. Specifically, the Louisiana

First Circuit Court of Appeal denied the petitioner's writ as an untimely and successive application for post-conviction relief pursuant to Louisiana Code of Criminal Procedure articles 930.4 and 930.8. *See State v. Jones*, 17-0623 (La. App. 1 Cir. 7/24/17). Articles 930.4(D) and (E) require dismissal of successive applications for post-conviction relief. The Louisiana Supreme Court, in the last reasoned opinion on the petitioner's claims, also denied relief because petitioner had already exhausted his right to state collateral review by filing the previous state post-conviction application. *See State ex rel. Jones v. State,* 17-1445 (La. 9/14/18), 251 So.3d 1091. Although the Louisiana Supreme Court did not cite the provision of state law on which those decisions are based, the applicable provision is article 930.4(E), which provides: "A successive application shall be dismissed if it raises a new or different claim that was inexcusably omitted from a prior application." In denying the petitioner's writ regarding his seventh application for post-conviction relief, the Louisiana Supreme Court cited its previous decision in *State ex rel. Jones v. State, 15-1791 (La. 10/28/16), 203 So.3d 1029* wherein the court concluded that the petitioner had fully litigated his third application for post-conviction relief in state court.

As the United States Fifth Circuit Court of Appeal has recognized, Louisiana Code of Criminal Procedure article 930.4(E) constitutes an independent and adequate state-law procedural ground to support a procedural bar to review. *Ardison v. Cain*, 264 F.3d 1140, 2001 WL 822445, at *4–5 (5th Cir. 2001); *Besse v. Tanner*, Civ. Action No. 16-2992, 2017 WL 2936311, at *8 (E.D. La. July 7, 2017); *Bell v. Baton*, Civ. Action No. 11-0304, 2012 WL 5364239, at *3 (M.D. La. Sep. 24, 2012), *adopted*, 2012 WL 5364237, at *1 (M.D. La. Oct. 31, 2012) (concluding that Article 930.4(E) has been found to be an adequate, independent state

ground for rejecting a petition for post-conviction relief, and the federal courts have relied upon this statute in finding claims to be technically exhausted but procedurally defaulted).

Article 930.4(E) was appropriately applied as the petitioner's seventh application for post-conviction relief contained new claims of actual innocence/newly discovered evidence, a *Brady* violation, and ineffective assistance of trial and appellate counsel which were omitted from the petitioner's prior applications for post-conviction relief. As such, the petitioner's claims herein are procedurally defaulted.

As noted above, the petitioner can overcome the preclusion established by a procedural default only by demonstrating (1) "cause for the default and actual prejudice as a result of the alleged violation of federal law," or (2) that "failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson, supra*, 501 U.S. at 750; *Moore v. Roberts*, 83 F.3d 699, 702 (5th Cir. 1996). To establish "cause," the petitioner must show that some objective factor external to the defense prevented him from timely raising his claims in state court. *See Saahir v. Collins*, 956 F.2d 115, 118 (5th Cir. 1992). To establish prejudice, the petitioner must show, "not merely that the [asserted] errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original). Neither "cause" nor "prejudice" has been argued or shown in the instant case that would support this Court's disregard of his procedural default.

Further, to demonstrate that a failure to consider the claim will result in a "fundamental miscarriage of justice," a habeas petitioner must show, "as a factual matter, that he did not commit the crime of conviction." *Fairman v. Anderson*, 188 F.3d 635, 645 (5th Cir. 1999). To establish such actual innocence, the petitioner must "support his allegations with new, reliable

evidence that was not presented at trial and must show that it was 'more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" *Id.*

In the instant matter, the petitioner relies upon the discovery of new evidence which consists of a written report authored by Detective Brown. A claim of actual innocence that is based upon new evidence may, in certain circumstances, provide a gateway for review of an otherwise procedurally defaulted claim. *McQuiggin v. Perkins,* 133 S.Ct. 1924, 1928 (2013). The Supreme Court cautioned, however, that viable actual-innocence gateway claims are rare, explaining that "a petitioner does not meet the threshold requirement unless he persuades the district court that, in light of ... new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* at 1928, *citing Schhip v. Delo,* 513 U.S. 298, 329 (1995) (internal quotation marks omitted). To be credible, a claim of actual innocence requires that a petitioner support his allegations of constitutional error with new reliable evidence, whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence, that was not presented at trial. *Schhip v. Delo, supra,* 513 U.S. at 324.

The petitioner herein points to no "new evidence" to assert his actual innocence. The petitioner relies upon a report authored by Detective O'Neal Brown, Jr. and/or Deputy Morris Wilson, Jr., which contains a narrative of statements made by two of the victims. *See* R. Doc. 1-3, p. 49-54. On January 18, 1983 a Preliminary Hearing was held during which Detective Brown testified as to the statements made by the female victims which included the process by which the petitioner was identified as a perpetrator. Petitioner and his counsel were both present at the hearing, and petitioner's counsel referred to the transcript of the hearing in multiple pleadings. *See* R. Doc. 9, p. 19-32. As such, the substance of the statements made by the female victims was

always within the reach of the petitioner's personal knowledge or reasonable investigation. Such evidence does not qualify as "new." *See Hancock v. Davis*, 906 F.3d 387 (5th Cir. 2018).

Additionally, at trial Deputy Wilson testified regarding the statements made by the female victims, and was cross examined as to the same. The victims also testified regarding their statements made to the police and were cross examined. Consideration of this written report does not convince this Court that in light thereof, no reasonable juror would have voted to find the petitioner guilty beyond a reasonable doubt. The contents of the report were relayed to the jury via witness testimony, and the female victims were specifically questioned regarding their delayed identification of the petitioner which is described in written report.

In the absence of a showing of actual innocence in this case, the petitioner's claims are not properly before this Court. Specifically, this Court finds that the state court's express invocation of the procedural rule to dispense with a substantive consideration of these claims asserted on post-conviction review acts as an independent and adequate bar that precludes this Court's consideration thereof.

Should the petitioner pursue an appeal, a certificate of appealability should also be denied. An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although the petitioner has not yet filed a Notice of Appeal herein, the Court may address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). A certificate of appealability may issue only if a habeas petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). In cases where the Court has rejected a petitioner's constitutional claims on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable

whether the petition states a valid claim of a denial of constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Ruiz v. Quarterman*, 460 F.3d 638, 642 (5th Cir. 2006) (emphasis in original). In the instant case, the Court finds that reasonable jurists would not debate the denial of the petitioner's § 2254 application or the correctness of the procedural ruling. Accordingly, it is appropriate that, in the event that the petitioner seeks to pursue an appeal in this case, a certificate of appealability should be denied.

## **RECOMMENDATION**

It is recommended that the petitioner's application for habeas corpus relief be denied, with prejudice. It is further recommended that, in the event that the petitioner seeks to pursue an appeal, a certificate of appealability be denied.

Signed in Baton Rouge, Louisiana, on November 3, 2021.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**